UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CV-62426-DIMITROULEAS
Magistrate Judge Snow

RYAN KERSCHMAN, individually,
STEPHANIE GARZON, individually,
MARK BOCK, individually,
STEVE EAGLE, individually,
TARSHAL ROPER, individually, and
RICHARD HIRSCH, individually, on behalf
of themselves and all other similarly situated,

        Plaintiffs,

v.

NATIONWIDE RELOCATION SERVICES,
INC., a Florida corporation, and UNITED STATES
VAN LINES RELOCATION DIVISION, INC.,
a Florida corporation,

        Defendants.
_____/

## DEFENDANTS' MOTION TO ASSIGN MAGISTRATE JUDGE AND SCHEDULE SETTLEMENT CONFERENCE

Defendants, by and through undersigned counsel and pursuant to rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, hereby file *Defendants' Motion to Assign Magistrate Judge and Schedule Settlement Conference*, and in support thereof state as follows.

1.    On or about December 14, 2010, the plaintiffs filed a complaint against Defendants alleging overtime violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), on behalf of themselves and all others similarly situated [D.E. 1].

2. On January 26, 2011, this Court issued an order requiring the parties to participate in mediation no later than 60 days prior to the start of the trial's two week calendar. [D.E. 16]. The trial of this matter is currently scheduled for the two week trial calendar commencing on October 1, 2012. Thus, the mediation deadline is August 2, 2012.

3. On January 31, 2012, the parties scheduled the mediation for February 28, 2012. On February 10, 2012, Plaintiffs' counsel requested via e-mail that Defendants provide each plaintiffs' employment start and end date (when applicable), and weekly compensation. Plaintiffs' counsel requested said information to facilitate settlement negotiations during the mediation.

4. As a result of the passing of undersigned counsel's father on February 10, 2012, said e-mail was not received until February 14, 2012, at which time Defendants agreed to provide the requested information.

5. Defendants were unable to provide the requested information prior to the mediation despite their efforts. As a result, the parties agreed to reschedule the mediation. Defendants presented March 5 and 9, 2012, to reschedule the mediation. Defendants requested alternative dates in March 2012 if Plaintiffs were unavailable for said dates. Plaintiffs responded that they wanted to postpone the mediation "indefinitely."

6. Since the cancellation of the mediation and the communications referenced in paragraph 5 herein, Defendants have repeatedly sought dates from Plaintiffs to reschedule the mediation and Plaintiffs have refused to provide dates. One of the plaintiffs' most recent communications addressing Defendants' efforts to

reschedule the mediation suggested Plaintiffs did not want to mediate because of their unfounded belief that Defendants are not going to mediate in good faith and that the case is not "ripe" for mediation.

7. Plaintiffs have failed to provide any basis to support their contention that Defendants are not going to mediate in good faith and disregard the fact that both parties are under Court order to mediate in good faith. Defendants have also assured Plaintiffs that they will mediate in good faith and those assurances are bolstered by Defendants' repeated efforts to reschedule the mediation and avoid incurring further legal fees/cost in this case.

8. Moreover, Plaintiffs' assertion that the case is not "ripe" for mediation is disingenuous. For the initial mediation, Plaintiffs were prepared to proceed with nothing more than Defendants' assertions regarding Plaintiffs' employment start and end date, and weekly compensation. As of the date Plaintiffs contended the case was not "ripe" for mediation, Defendants had produced a spreadsheet with Plaintiffs' employment start and end dates, weekly compensation, and their time and pay records with the exception of time records encompassing 2007-2009. As of the filing of this motion, the remaining time records have been produced and Plaintiffs are in possession of all the records Defendants agreed to produce in response to their requests for production, which include the Plaintiffs' time and pay records.

9. The day before this motion was filed, Plaintiffs' counsel contacted the undersigned via e-mail and suggested they were agreeable to mediate only if the mediation was conducted at their Boca Raton office. The Plaintiffs' current position, which conditions the rescheduling of the mediation on the Defendants agreeing to

mediate at the office of Plaintiffs' counsel, disregards their prior agreement to mediate the case at a neutral location in Fort Lauderdale.

10. The plaintiffs' conditioning the rescheduling of the mediation is itself bad faith when considering the parties previously agreed to a neutral location in Fort Lauderdale.

11. Since Defendants want to immediately address settlement with the assistance of a third party at a neutral location and Plaintiffs are refusing to mediate at this time, Defendants respectfully request that the Court assign a Magistrate Judge for purposes of conducting a settlement conference as soon as possible.

12. The assignment of a Magistrate Judge to conduct a settlement conference as soon as possible will provide the parties the benefit of a neutral third party that is very familiar with the issues surrounding the FLSA's overtime compensation requirements.

13. Additionally, assigning a Magistrate Judge to conduct a settlement conference as soon as possible will increase the probability of the parties settling the case and avoiding the expenditure of legal fees and costs associated with waiting until the mediation deadline of August 2, 2012.

14. Plaintiffs oppose Defendants' request to have a Magistrate Judge assigned to conduct a settlement conference as soon as possible.

15. The relief Defendants' seek in this motion, however, may result in an early settlement of the case. Such a result will conserve judicial resources and avoid the expenditure of legal fees and costs for both parties.

16.     This motion is filed in good faith and does not prejudice any party to the action.

ACCORDINGLY, Defendants respectfully request that the Court assign a Magistrate Judge for purposes of conducting a settlement conference as soon as possible.

## MEMORANDUM OF LAW

Rule 1 of the Magistrate Rules for the United States District Court for the Southern District of Florida states, in relevant part, that a Magistrate Judge is authorized to conduct settlement conferences.  *See* S.D. Fla. M.R. 1(i)(2).  Additionally, Rule 2 states that "the District Judge may refer to a Magistrate Judge any matter within the scope of these Magistrate Judge Rules." S.D. Fla. M.R. 2.

Pursuant to said rules, a court in the Southern District of Florida has granted a defendant's motion to assign a magistrate judge to conduct a settlement conference in an FLSA overtime case.  *See Valdes v. Cheung & Cheung, et al.*, 10-20123-CIV-MORENO-TORRES, *Order Assigning Magistrate Judge Barry Garber to Conduct Settlement Conference*, D.E. 16, (S.D. Fla. Apr. 6, 2010).  Additionally, pursuant to said rules other courts in the Southern District of Florida regularly unilaterally appoint Magistrate Judges to conduct early settlement conferences in FLSA cases.  *See Garay v. Southeast Duct Specialist, Inc.,* 09-20124-CIV-SEITZ-O'SULLIVAN, *Notice of Court Practice in Fair Labor Standards Act Cases and Referral to Magistrate Judge for Settlement Conference*, D.E. 6, pp. 1-2 (S.D. Fla. Feb. 5, 2009).  In fact, some courts require the parties to engage in a settlement conference prior to filing a joint scheduling report.  *See id*. at 2.

Based upon the foregoing authority, Defendants respectfully request that the Court assign a Magistrate Judge for purposes of conducting a settlement conference as soon as possible.

Respectfully submitted,

_s/ Reynaldo Velazquez_____
Reynaldo Velazquez, Esq.
Florida Bar No. 069779
rvelazquez@fordharrison.com

Ford & Harrison LLP
100 S.E. 2nd Street
Suite 2150
Miami, Florida 33131
Telephone: (305) 808-2100
Facsimile:  (305) 808-2101
Counsel for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_s/ Reynaldo Velazquez_____
Attorney

6

SERVICE LIST

Ryan Kerschman, *et al.,* v. Nationwide Relocation Services, Inc., *et al.*
CASE NO.: 10-62426-CIV-DIMITROULEAS / Magistrate Judge Snow
United States District Court, Southern District of Florida

Daniel R. Levine, Esq.
Robin I. Frank, Esq.
Shapiro Blasi Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Telephone: (561) 477-7800
Facsimile:  (561) 477-7722
drlevine@sbwlawfirm.com
rifrank@sbwlawfirm.com
Attorneys for Plaintiffs
(via CM/ECF)

Miami:178859.1